UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MANOJ KUMAR ENAGANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-1618-ZMB |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Self-represented Plaintiff and attorney Manoj Kumar Enaganti seeks a temporary restraining order and other emergency relief to extend his H-4 employment authorization, which is set to expire tomorrow. Before the Court is his Emergency Motion for Temporary Restraining Order, Stay Under 5. U.S.C. § 705, and Preliminary Injunction. Doc. 2. Because Enaganti has failed to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1), the Court cannot issue an ex parte TRO, and it holds his other requests for emergency relief in abeyance pending service or proof other adequate notice to the Government.

Enaganti filed this action late yesterday afternoon. Doc. 1. In his Emergency Motion, he claims that he "has given notice of [the] motion to the United States Attorney's Office by voicemail, email and hand delivery," but he also pledged to file "a separate certification under Rule 65(b)(1)(B) and certificate of service [yesterday], once service on the United States Attorney [was] complete." Doc. 2 ¶ 7. At the time of filing, he has not followed through on that commitment. Enaganti also asks the Court to hold a hearing to allow Defendants to weigh in, provided that is possible before tomorrow. *Id.* ¶¶ 1, 7. Because Enaganti fails to establish that he has provided adequate notice to Defendants, the Court must treat his current request as an ex parte TRO.

Under Rule 65(b)(1), the Court may not issue a TRO "without written or oral notice to the adverse party or its attorney" unless:

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and [] the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

These "stringent restrictions" for ex parte TROs "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and opportunity to be heard has been granted both sides of a dispute." *Creativision v. Martinelli*, 2016 WL 9345208, at *1 (S.D. Iowa July 26, 2016) (quoting *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438–39 (1974)) (citation modified). "Reasonable notice consists of information receive[d] within a reasonable time to allow the opposing party an opportunity to be heard." *Davis v. Colerain Twp.*, 2024 WL 488211, at *1 (S.D. Ohio Feb. 8, 2024).

The Court is not satisfied that Enaganti has provided adequate notice to Defendants. The only evidence he offers is a non-verified statement that he informed Defendants of the motion by "voicemail, email and hand delivery"—without any detail concerning the content or timing of those purported communications. Doc. 2 ¶ 7. And given Enaganti's failure to file his certification and certificate of service despite his representation that he would do so yesterday "once service . . . is complete," *id.*, the Court will not assume that his efforts were successful. *See Martinelli*, 2016 WL 9345208, at *2 (finding no reasonable notice where plaintiff sent email to defendant about complaint and intent to file TRO motion); *see also Centa v. Portage Cnty.*, 2025 WL 2687537, at *1 (N.D. Ohio Sept. 17, 2025) (finding it "fatal to the [TRO] motion" where plaintiff "only certifies that he emailed a copy of the complaint and motion to defendants and left defendants a voicemail regarding the same"). And because Enaganti has failed to provide adequate notice to Defendants,[1] his failure to file his certification is fatal. *See* FED. R. CIV. P. 65(b)(1)(B).

[1] Moreover, even if Enaganti had provided credible proof of notice, he effectively requests an ex parte TRO because the Government would not have had a reasonable time to be heard. *See, e.g.*, *Total Quality Logistics, LLC v. Riffe*, 2019 WL 340683, at *2 (S.D. Ohio Jan. 28, 2019) ("an email one business day before the issuance of an ex parte TRO does not constitute reasonable notice"); *Partner Assessment Corp. v. Rosen*, 2025 WL 2336107, at *3 (E.D. Mich. Aug. 13, 2025) (finding same-day notice insufficient); *see also Doe #1 v. Noem*, 2025 WL 1203472, at *6 (S.D. Iowa Apr. 24, 2025) (treating a TRO as ex parte, even after notice, because defendants did not have an opportunity to be heard).

Additionally, even if Enaganti had filed his certification, the Court would be reluctant to grant a TRO without notice to the Government given the extraordinary nature of that relief. *See Bailey v. Garland*, 755 F. Supp. 3d 1137, 1140 (E.D. Mo. 2024); *see also Doe v. DHS*, 2024 WL 4905531, at *2 (W.D. Wash. Nov. 27, 2024) ("Ex parte motions are rarely justified, and both sides of a dispute should be afforded reasonable notice and the opportunity to be heard."). Indeed, that factor is particularly compelling here, as Enaganti has known that his work authorization would expire for months but waited until the day before he seeks emergency relief to file this lawsuit and his emergency motion. *See, e.g.*, *Las Americas Immigrant Advoc. Ctr. v. Paxton*, 2024 WL 4430542, at *4 (W.D. Tex. Sept. 27, 2024) ("[F]iling a TRO motion at the eleventh hour—especially when the plaintiff could have brought that motion earlier—gives the defendant no real opportunity to respond to the plaintiff's request" (quotation omitted)); *Hogarth v. Santacruz*, 2025 WL 3211459, at *5 (C.D. Cal. Oct. 9, 2025) ("[P]arties seeking ex parte relief must show that they are without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect" (quotation omitted)); *Musa Ngu v. Jordan*, 2026 WL 1726607, at *1 (M.D. La. June 15, 2026) ("Emergency motions are not intended to save the day for parties who have failed to present requests when they should have." (quotation omitted)).

Accordingly, the Court **DENIES IN PART** Plaintiff Manoj Kumar Enaganti's [2] Emergency Motion, specifically his request for an ex parte TRO. The Court will not set a TRO hearing unless and until Enaganti provides adequate proof of notice to the Government. When that is provided, the Court will promptly set a status conference to discuss a briefing schedule and hearing setting.

So ordered this 9th day of October 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE